UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

Civil Action No. 17-41-HRW

Golden Gate National Senior Care, LLC;
GGNSC Vanceburg, LLC;
GGNSC Administrative Services, LLC;
GGNSC Holdings, LLC; and
GGNSC Equity Holdings, LLC,                            PLAINTIFFS,

v.                **MEMORANDUM OPINION AND ORDER**

CINDY LEACH, Individually and as
Administratrix of the Estate of WILLOW DEAN LEACH,     DEFENDANT.


This matter is before the Court upon Defendant's Motion to Dismiss [Docket No. 5] and Plaintiffs' Motion to Enforce Arbitration Agreement and Enjoin Defendant [Docket No. 7]. The motions have been fully briefed by the parties and for the reasons set forth herein, the Court finds that dismissal is not warranted and that the arbitration agreement which forms the basis of this lawsuit is legal, binding and enforceable.

### I.

This case arises from Willow Dean Leach' residency at Golden Living Center in Vanceburg, Kentucky from February 17, 2016 until March 31, 2016. As part of the admissions process, she, by and through her attorney-in-fact, Cindy Leach, executed certain documents. First, Cindy Leach signed the agreement under the authority granted to her by a Power of Attorney executed by Willow Leach on February 5, 2016 including the power to "draw, make and sign any and all checks, contracts, or agreements," and the power to "institute or defend suits

concerning my property or rights." [Docket No. 1-2]. She also signed an Arbitration Agreement, a copy of which is attached to the Complaint as Exhibit 1.

The Arbitration Agreement contains a provision, which provides in pertinent part:

> Covered Disputes include but are not limited to all claims in law or equity arising from one Party's failure to satisfy a financial obligation to the Party; a violation of a right claimed to exist federal, state, or local law or contractual agreement between the parties; tort; breach of contract; consumer protection; fraud; misrepresentation; negligence; gross negligence; malpractice; and any alleged departure from any applicable federal, state, or local medical, health care, consumer, or safety standards.

[Docket No. 1-1].

Defendant alleges that while at Golden Living Center, Willow Leach suffered physical and emotional injuries due to inadequate care, and her health and physical condition deteriorated beyond that caused by the normal aging process.

On March 7, 2017, Defendant filed in the Circuit Court of Lewis County, Kentucky, Case No. 17-CI-00035, a negligence, medical negligence, corporate negligence, and wrongful death action against GGNSC Vanceburg LLC d/b/a Golden Living Center – Vanceburg, GGNSC Equity Holdings, LLC, GGNSC Equity Holdings II, LLC, Golden Gate National Senior Care, LLC, GGNSC Administrative Services, LLC, GGNSC Holdings,LLC, and Joy J. Dingess, in her capacity as Administrator of Golden Living Center – Vanceburg.

On April 27, 2017, the corporate defendants from the Lewis County action filed this civil action, as Plaintiffs, alleging federal subject matter jurisdiction by virtue of diversity and seeking substantially the same relief from this Court regarding arbitration as they seek in state court – namely, to find the arbitration agreement to be valid and enforceable, to compel

Defendant to arbitrate the State Court claims, and to enter an order enjoining Defendant from pursuing her claims in Lewis Circuit Court.

Defendant seeks a dismissal of all claims alleged herein. She contends that this Court lacks subject-matter jurisdiction, that Plaintiffs failed to join an indispensable party and that the Court should not exercise its power to enjoin her from continuing the prosecution of the state court action.

Plaintiffs seek entry of an Order compelling Defendant to proceed to arbitration and, in addition, enjoining her from pursing her claims in state court.

## II.

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P 12(b)(6), is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). This requires a consideration of and a ruling upon the merits of a claim. In determining whether dismissal is warranted under Rule 12(b)(6), the complaint must be construed in the light most favorable to the nonmoving party and its allegations taken as true. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). If, in doing so, the Court determines that the case is legally insufficient, it will be dismissed.

The procedure under a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P 12(b)(1) is quite different. At issue in a Rule 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case. In this context, the trial court may proceed as it never could under 12(b)(6) - no presumptive truthfulness attaches to either party's allegations and the existence of disputed material facts will not preclude the trial court from evaluating for

itself the merits of jurisdictional claims. Moreover the party claiming jurisdiction will have the burden of proof that jurisdiction does in fact exist. *RMI Titanium Co. v. Westinghouse Electric Corp.*, 78 F.3d 1125, 1134 (6th Cor. 1996)(internal citations omitted).

### III.

"The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is inflexible and without exception.' " *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462 (1884). Federal courts are courts of limited jurisdiction, and subject matter jurisdiction may be obtained only with the existence of diverse parties or a federal question. *Heartwood, Inc. v. Agpaoa*, 628 F.3d 261, 266 (6th Cir.2010); 28 U.S.C. §§ 1331, 1332.

Neither party asserts the existence of a federal question. Rather, the disputed question is that of diversity. 28 U.S.C. § 1332 provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States,"

Defendant has not challenged the allegations in Plaintiffs' Complaint concerning the citizenship of the named Plaintiffs in this action. Nor has Defendant challenged that the amount in controversy fails to meet the jurisdictional requirements of 28 U.S.C. § 1332. Rather, she contends that complete diversity of citizenship among the parties cannot be established because Joy Dingess, Administrator at the subject facility , named in her state complaint, but not in this action, is a Kentucky citizen and an indispensable party under Fed.R.Civ.P. 19. She maintains that her joinder would destroy the complete diversity among parties required by 28 U.S.C.

1332(a)(1).

Yet, this Court and other courts within this District have consistently held that the nursing home administrators are not indispensable per Rule 19. As the undersigned explained in *GGNSC v. Hanley*, 2014 WL 1333204 (E.D. Ky. 2014), Rule 19 deals with what were historically known as "necessary" and "indispensable" parties. The terms "necessary" and "indispensable" are terms of art in jurisprudence concerning Rule 19, and "necessary" refers to a party who should be joined if feasible, while "indispensable" refers to a party whose participation is so important to the resolution of the case that, if the joinder of the party is not feasible, the suit must be dismissed. If a necessary party cannot be joined without divesting the court of subject-matter jurisdiction, the Rule provides additional criteria for determining whether that party is indispensable, but if the court finds that the party is anything less than indispensable, the case proceeds without that party, and if, on the other hand, the court finds that the litigation cannot proceed in the party's absence, the court must dismiss the case.

The first step in determining whether the administrators are indispensable is to determine whether they are "necessary". A party is deemed necessary under the Rule if:

> (A) in that person's absence, complete relief cannot be accorded among those already parties; or
>
> (B) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may:
>
> (I) as a practical matter, impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of

5

the interest.

Fed.R.Civ.P. 19.

Defendant's claims against the individual administrator and the Plaintiffs in this case are based on the same occurrence, to-wit, the alleged negligence that resulted in injury to Willow Leach. Further, the arbitration agreement governs claims against the corporate parties as well as the administrators. Moreover, if this Court and the state court were to reach different conclusions regarding whether the arbitration agreement is enforceable, the administrators would face inconsistent procedural remedies. Accordingly, the Court concludes that the administrators are necessary party to the action.

However, that is not the end of the inquiry as it pertains to the existence of subject matter jurisdiction in this case. As their joinder would destroy diversity jurisdiction, the Court must also determine whether they are "indispensable." To do so, this Court must balance the following factors: (1) the extent to which a judgment rendered in their absence might prejudice them or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by protective provisions in the judgment, shaping the relief, or other measures; (3) whether a judgment rendered in their absence would be adequate; and (4) whether Plaintiffs would have an adequate remedy if the action were dismissed for non-joinder. Fed.R.Civ.P. 19(b).

Defendant argues that she will not be afforded complete relief in the absence of the administrators in this action. She asserts that she will be unduly and unnecessarily prejudiced by either a grant of jurisdiction by this Court or by being subjected to arbitration with just the named Plaintiffs, and that such a result would result in duplication of proceedings. The Court will

6

address each of these arguments in turn.

First, the duplication of proceedings in these circumstances is not a disqualifying factor. The Sixth Circuit has rejected of this line of argument in a factually similar case addressing joinder: "[T] he possibility of having to proceed simultaneously in both state and federal court," or in two separate arbitrations for that matter, "is a direct result of [Leach's'] decision to file a suit naming [GGNSC and the individual administrators] in state court rather than to demand arbitration under the [arbitration agreement]." *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 202 (2001). Moreover, "the possibility of piecemeal litigation is a necessary and inevitable consequence of the FAA's policy that strongly favors arbitration." *Id*. The Court considers that there is low risk that the state court will reach an inconsistent outcome regarding the subject arbitration agreement as it relates to any party. Even assuming such risk, however, this is not the degree of prejudice required to conclude an absent party is indispensable. *Id.* at 203. Determining whether the dispute as it relates to GGNSC is subject to arbitration is a simple matter of contract interpretation and does not require the presence or input if the individual administrators. *Id*. The prejudice Defendant fears does not present the degree of prejudice necessary to support a conclusion that the administrators are an indispensable party. Furthermore, "[w]here the risk of prejudice is minimal, the Court need not consider how protective provisions in the judgment, the shaping of relief, or other measures might reduce the risk of prejudice." *Id*. at 205.

With regard to the adequacy of available relief, the administrator's status as alleged joint tortfeasors is not dispositive of the Rule 19(b) inquiry. Indeed, the United States Supreme Court has explicitly rejected this theory as a non sequitur. *Temple v. Synthes Corp., LTD.*, 498 U.S. 5,

7

8, 111 S.Ct. 315, 112 L.Ed.2d 263 (1990) (holding that a party's status as a joint tortfeasor does not make them a necessary or indispensable party but simply a permissive party to an action against one of them).

Finally, although an adequate remedy exists in state court even if this Court were to dismiss the case. However, on balance, the factors do not dictate that the Court find the individual administrators indispensable parties. As such, the failure to join them does not warrant dismissal.

The undersigned is not alone in so finding. In *Sun Healthcare Grp., Inc. v. Dowdy*, 2014 WL 790916 (W.D.Ky., 2014), Judge Russell ruled on a substantially similar Motion to Dismiss by the same Defendant's counsel and found that subject matter jurisdiction existed without the administrator defendants. Judge Russell was persuaded by the "well-reasoned analysis" in an 8th Circuit case and found: "… the makeup of the parties in the underlying controversy is irrelevant for the determination of whether or not diversity jurisdiction exists. The determinative inquiry is the makeup of the parties before this Court. The parties presently before the Court, which does not include the administrators, are diverse. Therefore, this Court has subject-matter jurisdiction on the basis of diversity." *Id.* at \*4- \*5.

Similarly, in *GGNSC Louisville Hillcreek, LLC v. Warner*, 2013 WL 6796421 (W.D.Ky., 2013), Judge Heyburn found that subject matter jurisdiction existed even without the administrator defendant. He analyzed the Rule 19 factors, namely: "(1) the extent to which a judgment rendered in [the administrator's] absence might prejudice [the administrator] or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by protective provisions in the judgment, shaping the relief, or other measures; (3) whether a judgment

8

rendered in [the administrator's] absence would be adequate; and (4) whether Golden Gate would have an adequate remedy if the action were dismissed for non-joinder." *Id.* at *3. He concluded that the duplication of proceedings is not a disqualifying factor, the risk of prejudice to Defendant was minimal, and an administrator's status as a joint-tortfeasor does not make them an indispensable party. *Id.* at *3-*4.

In this District, in *Brookdale Senior Living, Inc. v. Stacy*, 2014 WL 2807524 (E.D.Ky., 2014), Chief Judge Caldwell analyzed Rule 19 and applied the Sixth Circuit's analysis in *PaineWebber*, as well as other nursing home matters from the district to conclude that "a nursing-home administrator is not an indispensable party when she is joined in the underlying state court action." *Id.* at *6.

Judge Danny Reeves' opinion in *Brookdale Senior Living, Inc. v. Caudill*, 2014 WL 3420783 (E.D.Ky., 2014) is consistent. "After balancing the factors of Rule 19(b) and considering the Sixth Circuit's rejection of nearly-identical arguments, the Court finds that the state court administrators are not indispensable parties." *Id.*

Case law is clear from the District Courts of Kentucky, the Sixth Circuit and the Supreme Court that this court has proper subject matter jurisdiction and the parties before the court are properly diverse.

Nor does the Supreme Court's rationale in *Vaden v. Discover Bank*, 556 U.S. 49, 129 S.Ct. 1262, 173 L.Ed.2d 206 (2009), tip the scales in Defendant's favor with regard to jurisdiction, or, more precisely, the lack thereof. In *Vaden*, Discover Bank sued a credit card holder in state court to recover past-due charges. The credit card holder filed a counterclaim, also

9

asserting state-law claims. Yet Discover Bank believed these claims were preempted by federal law, and filed an action in federal district court to compel arbitration of the counterclaims. The Supreme Court held that the district court lacked jurisdiction because the federal issue arose within the context of the state-court counterclaim, and federal courts cannot consider counterclaims when assessing federal question jurisdiction. Accordingly, the Supreme Court directed district courts to "look through" the arbitration action and determine whether federal question jurisdiction exists based on the underlying state-court suit. *Id.* at 62.

Defendant urges that the logic of *Vaden* applies with equal force in cases resting on diversity jurisdiction. She argues that the Court should "look through" this case and determine whether it would have jurisdiction over the state suit, which includes the non-diverse nursing home administrators. However, this argument was explicitly rejected by Chief Judge Caldwell in *Brookdale*. She noted that the Supreme Court did not include diversity jurisdiction in its holding, despite acknowledging that diversity jurisdiction exists as a separate method for bring a claim pursuant to the Federal Arbitration Act. *Brookdale*, 27 F.Supp.3d at 782.

Accordingly, this Court will decline to "look through" the present action to determine whether it would have diversity over the state-law suit.

Therefore, this Court finds the requirements of diversity jurisdiction have been met and this Court has proper subject matter jurisdiction over this case.

Defendant attempts to argue that her wrongful death claim is not subject to arbitration. This Court rejected an identical argument in *Golden Gate National Senior Care v. Addington*, 2015 WL 1526135 (Ky. 2015), holding that requirement that all wrongful death beneficiaries sign the arbitration agreement violated the FAA. "Because it is impossible to identify all possible

10

wrongful death claimants at the time an arbitration agreement is signed and the resident is alive, the Ping holding would effectively nullify arbitration in the wrongful death context, which is precluded by the FAA." *Id.* at *8.

Having found that Defendant must submit her claims to arbitration, the question remains whether this Court should enjoin her from pursuing her parallel action in state court. The Court finds that such an injunction is necessary, and the Defendant is enjoined from proceeding in Lewis Circuit Court. "Although the FAA requires courts to stay their own proceedings where the issues to be litigated are subject to an agreement to arbitrate, it does not specifically authorize federal courts to stay proceedings pending in state courts." *Great Earth Companies, Inv. v. Simmons*, 288 F.3d 878, 893 (6th Cir. 2002) (internal citations omitted). For this reason, "the District Court's authority to enjoin state-court proceedings is subject to the legal and equitable standards for injunctions generally, including the Anti Injunction Act." Id. Pursuant to the Anti–Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

An injunction in this case "properly falls within the exception for injunctions 'necessary to protect or effectuate [this Court's] judgments.' " *Great Earth,* 288 F.3d at 894. The Court has determined that the parties entered into a binding arbitration agreement covering the scope of Defendant's claims. Having made such a determination and compelling him to submit to arbitration, it is necessary to enjoin Defendant from pursing his claims in any alternative forum, including state court. Otherwise, she would be permitted to circumvent her arbitration agreement and in doing so, circumvent this Court's judgment that she be compelled to arbitrate his claims.

Accordingly, the Court will order that Defendant be enjoined from proceeding with her pending state-court action.

IV.

A valid and binding arbitration agreement was executed. This matter must be referred to arbitration.

Accordingly, **IT IS HEREBY ORDERED**:

(1) Defendant's Motion to Dismiss [Docket No. 5] be **OVERRULED**;

(2) Plaintiffs' Motion to Compel Arbitration and to Enjoin Defendant [Docket No. 7] be **SUSTAINED**;

(3) Defendant shall prosecute all of her claims arising out of Willow Leach's residency at Golden Living Center in Vanceburg, Kentucky in accordance with the terms of the arbitration agreement ; and

(4) that this matter is hereby **DISMISSED WITH PREJUDICE** and **STRICKEN** from the active docket of the Court.

This Court will retain jurisdiction over this matter for the purpose of enforcing any arbitration award.

This 6th day of February, 2018.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge